IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 05-53872 |
| ) | |
| BRENDA JEAN MORTON, ) | |
| ) | |
| Debtor. ) | |

### MEMORANDUM/OPINION

This matter came before the Court for hearing on June 21, 2006 upon the Objection by Wilshire Credit Corporation (the "Creditor") to Valuation of real property known as 34089 Hillcrest Drive, Albemarle, NC (the "Property") (the "Objection to Valuation"). At the hearing, Amy S. Davis represented the above-referenced debtor (the "Debtor"), Timothy L. Hanson represented the Creditor, and Kathryn L. Bringle was present in her capacity as the Chapter 13 trustee.

Based upon a review of the Objection to Valuation, the evidence and arguments presented at the hearing, and a review of the entire official file, the Court hereby makes the following findings of fact and conclusions of law.

### FACTS

The Debtor filed this Chapter 13 case on October 14, 2005. In her bankruptcy petition, the Debtor scheduled the value of the Property, which consists of a 1989 double wide mobile home affixed to land, in the amount of $43,470.00. The Debtor's Chapter 13 plan, which was confirmed on May 8, 2006, valued the Property at $43,000.00. On the petition date, the approximate balance secured by the first deed of trust that encumbers the Property was $45,875.00 (the "First Claim"). The Creditor also holds a second deed of trust on the Property in

the amount of $11,147.00 (the "Second Claim"). Since there was allegedly no value in the Property above the amount owed to the Creditor on the First Claim, the Chapter 13 plan granted the Creditor a general unsecured claim for the full amount of Second Claim.

The Creditor objected to the valuation of the Property and argued that the Property was worth at least $57,000.00, which is the amount that the Debtor paid for the Property in 2002. Hence, the Creditor argued that the Second Claim of $11,125.00[1] should be fully secured.

ANALYSIS

The issue before the Court involves a determination of the value of the Property as of the petition date. In discussing the proper means to value property, the Supreme Court concluded that property should be valued based on a replacement valuation standard. See Associates Commercial Corp. v. Rash, 520 U.S. 953, 965 (1997). The Court concluded that "the value of the property retained ... is the cost the debtor would incur to obtain a like asset for the same proposed use." Id. A replacement value standard accurately reflects the loss of value of the collateral from deterioration by extended use and more accurately gauged the debtor's proposed use of the property. See id. at 962-63. The replacement value is not what it would cost for the debtor to purchase the product brand new, but it is the price that a willing buyer in the debtor's trade, business, or situation would pay a willing seller to obtain property of like age or condition. See id. at 959 at n.2. The Court reasoned that a bankruptcy court, as the trier of fact, must determine whether the replacement value was the equivalent of retail, wholesale, or some other value based on the type of debtor and the nature of the property. See id. at 965 at n.6. Several

---

[1] The $57,000.00 purchase price less the balance owed on the first mortgage of $45,875.00.

2

courts have applied the Rash valuation standard to real property. See, e.g., Dowdy v. Bank of America, No. 05-0552, slip op. at 2 (D. Md. 2005)(2005 WL 2290278); In re Bishop, 339 B.R. 595, 598 (Bankr. D.S.C. 2005).

The Debtor testified that she thought that the value of the Property was the same as its tax value on the petition date, which was $43,470.00.  The Debtor further testified that the Property needed considerable repairs, which included a leaky roof, floor damage, bathtub leaks, and rotting wood around the foundation and the deck.  She testified that she believed that $43,470.00 was the fair market value of the Property.

The Creditor did not introduce any evidence of value to rebut the Debtor's opinion on valuation.  The Creditor merely argued that the Property sold for $57,000.00 in 2002 and that real property typically appreciates in value.  While the Court accepts the general rule that real property appreciates in value over time, the Property in this case is a seventeen-year-old mobile home.  Weighing the testimony of the Debtor, the other evidence, and the arguments of counsel, the Court values the Property at $48,000.00.

This memorandum opinion constitutes the Courts' findings of fact and conclusions of law.  A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BRENDA JEAN MORTON, | ) Case No. 05-53872 |
| | ) |
| Debtor. | ) |
| _____ | ) |

**PARTIES IN INTEREST**

Amy S. Davis, Esquire

Brenda Jean Morton

Kathryn L. Bringle, Esquire

Timothy L. Hanson, Esquire

4